**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| JACQUELINE ROZIER, *et al.*, <br><br>     *Plaintiffs,* <br><br>     v. <br><br> HOUSTON COUNTY BOARD OF ELECTIONS, *et al.*, <br><br>     *Defendants.* | Civil Action No. 5:25-cv-00478-MTT |

## PLAINTIFFS' UNOPPOSSED MOTION TO STAY CASE DEADLINES FOR 21 DAYS

Plaintiffs Jacqueline Rozier and Hiram Morgan respectfully move the Court for a 21-day stay of all case deadlines so that the parties may evaluate the impact of the Supreme Court's intervening decision in *Louisiana v. Callais*, 2026 WL 1153054 (April 29, 2026) (the "Slip. Op."), on this Section 2 litigation. Defendants do not oppose this motion. In support of this Motion, Plaintiffs state as follows:

### Factual And Procedural Background

Plaintiffs filed this action on October 30, 2025, challenging Houston County's at-large method for electing members of the Houston County Board of Commissioners under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Compl. ¶ 1, ECF No. 1..Defendants answered the Complaint on January 7, 2026. ECF No. 21. The parties held their Rule 26(f) conference on January 20, 2026, and jointly submitted a

proposed scheduling and discovery order. ECF No. 24 at 1. The Court adopted that proposed order on January 26, 2026. *Id.* at 6.

The Scheduling and Discovery Order confirms that this case was organized around the then-governing Section 2 framework. *Id.* at 1. The Order originally set April 24, 2026, as the close of discovery, and May 20, 2026, as the deadline for dispositive and *Daubert* motions. *Id.* at 2, 4. The discovery deadline has since been extended to May 8, 2026. Order Extending Discovery, ECF No. 32.

To this date, no dispositive motion has been filed in this action. Nor has this Court issued any merits ruling in this case. Plaintiffs now seek a brief 21-day stay of all case deadlines to evaluate the impact of *Callais*, confer with Defendants, and determine an efficient path forward that avoids unnecessary motion practice and preserves the Court's and the parties' resources.

**LEGAL STANDARD**

Federal courts have inherent authority to manage their dockets, including by staying proceedings when appropriate. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The Eleventh Circuit recognizes that district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also, Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them"). When a stay affects case deadlines, Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."

Fed. R. Civ. P. 16(b)(4). The Eleventh Circuit has explained that this good-cause standard focuses on the diligence of the party seeking modification and "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (*quoting* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

## ARGUMENT

### I.   Good Cause Exists for a Brief Stay to Evaluate the Impact of *Callais*

Plaintiffs seek a stay for good cause: the Supreme Court issued an intervening decision that materially altered the legal framework governing Plaintiffs' Section 2 claim after this case had already been pleaded, experts disclosed, and significant discovery undertaken.   The *Callais* Court's "update [to] the *Gingles* framework" impacts all three *Gingles* preconditions and the "totality of circumstances" inquiry. Slip op. at 29-31. The parties therefore need a brief period to evaluate how the decision affects the existing record, remaining deadlines, and the most efficient path forward.

This course promotes judicial efficiency. If this case proceeds immediately to close discovery and move toward dispositive and *Daubert* motion practice, the parties and the Court will necessarily confront threshold questions about how *Callais* applies to pleadings, expert reports, discovery responses, and factual theories developed before *Callais* was decided. Those disputes risk consuming substantial judicial and party resources before Plaintiffs have had a meaningful opportunity to evaluate

whether the existing record should be supplemented, narrowed, or reformulated under the new standard.

Nor have Plaintiffs delayed in seeking relief. *Callais* issued on April 29, 2026, near the close of discovery and before any dispositive motion had been filed in this action. Plaintiffs moved promptly thereafter. They did not wait for an adverse ruling, did not seek dismissal on the eve of trial, and did not seek dismissal after Defendants filed a dispositive motion in this case. Those facts weigh strongly against any claim of bad faith or tactical manipulation.

## II.   The Requested Stay Is Narrow and Reasonable

The requested stay is modest in both scope and duration. Plaintiffs seek only a 21-day stay of case deadlines. That request is nothing like the indefinite or protracted stays disapproved by the Eleventh Circuit. *See CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982); *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000). The stay has a fixed endpoint and is tied to a concrete case-management need: evaluating an intervening Supreme Court decision that materially changed the governing law in the middle of this litigation.

A short stay is also consistent with Rule 1's command that the Rules be administered to secure the just, speedy, and inexpensive determination of this action. Fed. R. Civ. P. 1. Absent a stay, the parties may be forced into immediate disputes over discovery, expert issues, and dispositive deadlines before they have had a

meaningful opportunity to evaluate *Callais*. That approach risks inefficient motion practice and unnecessary expense. A 21-day stay will instead allow the parties to confer and present the Court with a more informed and efficient proposal for the case's next phase.

### III.    Defendants Will Not Be Prejudiced by a Stay

Defendants will suffer no cognizable prejudice from a 21-day stay. The requested stay is short, fixed, and sought promptly after *Callais*. It does not prevent Defendants from preserving any defenses, filing appropriate motions after the stay expires, or otherwise litigating this case. Nor does it affect any pending dispositive motion in this action, because none has been filed.

By contrast, denying a short stay could impose unnecessary burdens on both sides. The parties would need to proceed under deadlines set before *Callais* while simultaneously evaluating how *Callais* affects the governing standard. A brief stay avoids that inefficiency and permits the parties to address the Court with a clearer understanding of the decision's impact.

### CONCLUSION

For the foregoing reasons, including Defendants' lack of opposition, Plaintiffs respectfully request that the Court stay all case deadlines for 21 days so that the parties may evaluate the impact of *Louisiana v. Callais*, confer regarding next steps, and proceed in a manner that promotes judicial efficiency and preserves the resources of the Court and the parties.

Respectfully submitted this 8th day of May, 2026.

/s/ Carlos Andino

Carlos Andino
Georgia Bar No. 241837
Southern Poverty Law Center
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
carlos.andino@splcenter.org

Bradley E. Heard
Georgia Bar No. 342209
Jack Genberg
Georgia Bar No. 144076
Matletha Bennette*
Southern Poverty Law Center
1101 17th St. NW, Suite 550
Washington, DC 20036
(470) 708-0554
bradley.heard@splcenter.org
jack.genberg@splcenter.org
matletha.bennette@splcenter.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.


/s/ Carlos Andino